IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM MARK MOORE,<br><br>Plaintiff,<br><br>v.<br><br>MC ARCHITECTS INC.; LITO T. PANIDA; and DOES 1 through 20,<br><br>Defendants. | CIV. NO. 24-00367 JMS-KJM<br><br>ORDER RE: ISSUES IDENTIFIED IN PLAINTIFF'S OPPOSITIONS, ECF NOS. 60, 62, 64, TO DEFENDANTS' DISPOSITIVE MOTIONS |

**ORDER RE: ISSUES IDENTIFIED IN PLAINTIFF'S OPPOSITIONS, ECF NOS. 60, 62, 64, TO DEFENDANTS' DISPOSITIVE MOTIONS**

The court has identified a number of record- and case-citation issues in Plaintiff's Oppositions, ECF Nos. 60, 62, 64, to Defendants' pending dispositive motions, ECF Nos. 52, 54, 56. These issues include but are not limited to:

**1. Misrepresented quote regarding budget:** ECF No. 60 attributes the following quote ("quoting him directly") to Defendant Panida: "Your budget won't cover any more than drawings, demo, and HVAC." ECF No. 60 at PageID.1149, 1156. This quote and the attribution to Defendant Panida appear to misrepresent the cited document, ECF No. 66-2, which contains only the following

statement:  "This person said my budget won't cover any more than drawings, demo, and HVAC."  ECF No. 66-2 at PageID.1302.

**2.  Unsupported argument regarding misrepresentation:**  ECF No. 60 includes the following argument:  "The sophisticated drafting party's deliberate choice to exclude cost-transparency provisions, while presenting the contract to a non-attorney client as a standard professional services agreement, is evidence of intentional misrepresentation by omission."  ECF No. 60 at PageID.1159.  No citations are provided—either to support the asserted statement of law, or to establish the asserted fact that Defendants presented the Design Agreement to Plaintiff "as a standard professional services agreement."

**3.  Mischaracterizations of "exclusion 1":**  ECF No. 62 includes multiple characterizations of "exclusion 1" of the Design Agreement.  *See* ECF No. 62 at PageID.1193 ("General Condition 3.1 (Exclusions) required that consultant fees 'shall be billed direct to owner at cost' . . . ."); *id.* at PageID.1197 (referring to "Exclusion 1's 'billed direct to owner' requirement"); *id.* at PageID.1212 ("The General Conditions Exclusion 1 provides that fees for consultants 'shall be billed direct to owner at cost unless otherwise noted herein.'").  These characterizations do not appear to reflect the actual language of the Design Agreement, *see* ECF No. 55-6 at PageID.681 ("'Third Pary review'

permit processing services (direct contract to Owner)"), and the court has been unable to locate support for these characterizations elsewhere in the record.

    **4. Unsupported quoting parenthetical:** ECF No. 62 includes a citation to ECF No. 54 at PageID.564, with a parenthetical containing the following quote: "MC Architects did not perform any additional design work after the bidding process . . . ." ECF No. 62 at PageID.1209. This quoted language does not appear at the cited location, or anywhere else in the cited document. The court has been unable to locate the quoted language elsewhere in the record.

    **5. Citations to "*Harrison v. Casa De Emdeko, Inc.*, 903 P.2d 1312 (Haw. 1995)":** ECF No. 62 cites this case twice, at PageID.1209 and PageID.1211, with the citation "903 P.2d 1312 (Haw. 1995)." This citation corresponds to an Idaho Supreme Court opinion published in 1995. Although Hawaii state court litigation under the name "*Harrison v. Casa de Emdeko, Inc.*" does exist, it did not begin until 2014. Moreover, although *Harrison* is cited to support what appear to be correct statements of law, the statements do not appear to be supported by any of the opinions in the *Harrison* litigation.

    **6. Citation to *Courbat v. Dahana Ranch, Inc.*, 111 Haw. 254, 141 P.3d 427 (2006):** ECF No. 62 cites this case to support the argument that "[a] sophisticated party that strips cost-update obligations from its form contract while enforcing professional standards on all other parties has done something that a

fact-finder is entitled to assess as intentional." ECF No. 62 at PageID.1215.

*Courbat* does not appear to be relevant to the asserted statement of law, beyond the very general fact that *Courbat* involved a contract. In fact, *Courbat* stated explicitly that intent was *not* at issue. *See* 111 Haw. at 262 n.9 ("[I]n order to establish a violation of [Hawaii's deceptive trade practices statute], the plaintiff need not establish an intent to deceive on the part of the defendant . . . .").

**7. Citation to *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970):**

ECF No. 64 cites this case to support the statement of law that a "declaration that fills the evidentiary gap left by non-production does not satisfy the Rule 56 burden." ECF No. 64 at PageID.1258. *Adickes* did not involve non-production in discovery, and therefore does not appear to support the asserted statement of law. *See* 398 U.S. at 158–60 (discussing "gaps" in the evidence submitted in support of summary judgment—not gaps in discovery production—resulting in the movant's failure to satisfy the initial burden of showing the absence of a genuine issue of material fact).

\* \* \*

At the April 8, 2026 hearing on the pending motions, Plaintiff's counsel should be prepared to explain these issues, and in particular, whether they resulted from the use of artificial intelligence ("AI") tools. *See General Order on the Use of Unverified Sources*, United States District Court for the District of

4

Hawaii (Nov. 14, 2023), *available at* https://www.hid.uscourts.gov/cms/assets/

23a3ee72-c96c-42c4-b184-e8a748a00f64/General%20Order%20on%20the

%20Use%20of%20Unverified%20Sources.pdf.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 3, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge