IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM MARK MOORE, | CIV. NO. 24-00367 JMS-KJM |
| Plaintiff, | SANCTIONS ORDER |
| v. | |
| MC ARCHITECTS INC.; LITO T. PANIDA; and DOES 1 through 20, | |
| Defendants. | |

**SANCTIONS ORDER**

On April 3, 2026, the court issued an Order regarding record- and case-citation issues in Plaintiff's Oppositions, ECF Nos. 60, 62, 64, to Defendants' pending dispositive motions, ECF Nos. 52, 54, 56.  The Order specifically identified seven issues and directed Plaintiff's counsel, Frederick Arensmeyer, to be prepared to explain them during the April 8, 2026 motions hearing.[1]

During the hearing, Arensmeyer explained that Plaintiff himself had taken a lead role in preparing the Oppositions, and had used artificial intelligence ("AI") tools in the process of doing so.  Arensmeyer admitted that he had not

---

[1]  The issues with Plaintiff's citations were not limited to the seven specifically identified in the court's April 3, 2026 Order.

personally verified the citations and assertions of fact and law contained in the Oppositions (which he signed), and acknowledged that by failing to do so, he had violated Federal Rule of Civil Procedure 11 as well as this District's General Order governing the use of AI tools.[2]   In short, Arensmeyer gave a candid explanation and accepted full responsibility for the issues identified in the court's Order.

In light of Arensmeyer's admissions, the court proposed issuing an Order to Show Cause ("OSC") and a possible $1,000 monetary sanction.   *See* Fed. R. Civ. P. 11(c)(1) ("If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation"); *id.* (c)(4) (authorizing sanction in the form of "an order to pay a penalty into court").   Arensmeyer agreed to the court's proposed $1,000 sanction without the need for an OSC.

---

[2]   Federal Rule of Civil Procedure 11 provides, in relevant part, that by "signing, filing, submitting, or later advocating" a court filing, an attorney certifies that the "claims, defenses, and other legal contentions" contained in the filing "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that the factual contentions contained in the filing "have evidentiary support, or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."   Fed. R. Civ. P. 11 (b), (b)(2)–(3).

This District's General Order on the use of AI tools requires "any filing or submission generated by an unverified source" to be accompanied by a declaration disclosing the use of such unverified sources and verifying "that counsel . . . has confirmed that any such material is not fictitious."   *General Order 23-1, In re: Use of Unverified Sources*, United States District Court for the District of Hawaii (Nov. 14, 2023), *available at* https://www.hid.uscourts.gov/cms/assets/23a3ee72-c96c-42c4-b184-e8a748a00f64/General%20Order%20on%20the%20Use%20of%20Unverified%20Sources.pdf.

For the reasons given at the hearing, the court imposes a $1,000 monetary sanction against Attorney Frederick Arensmeyer, personally, to be made payable to the "Clerk, United States District Court."  Payment shall be made to the Clerk of Court within seven days of the date of this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 9, 2026.



/s/ J. Michael Seabright

J. Michael Seabright
United States District Judge

3